FRUGÉ, Judge Ad Hoc.
Plaintiff appeals from a dismissal of her suit by civil jury verdict and judgment by the presiding judge of the district court for alleged property damages and personal injuries with resulted medical expenses all; arising out of an automobile accident which occurred on South Cypress Street in the City of Hammond, near the intersection of that street with East Thomas Street, at about 4:00 P.M. on May 3, 1958.
Plaintiff sought a trial by jury and on September 19, 1958, was tried and submitted to the jury which returned a verdict in favor of the defendant and dismissed plaintiff’s suit. The District Judge signed a judgment in accordance with the Jury’s verdict Hence, this appeal.
Plaintiff alleges in her petition that the defendant was negligent in the following manner: Agreeing to and backing his vehicle so as to allow the petitioner to park and then proceeding into petitioner’s car before petitioner completed the parking operation, and after striking petitioner’s car, the two cars became locked together and the defendant did then continued to see-saw his car back and forth in an effort to break the vehicles apart while the petitioner begged him to stop.
That as a result of this alleged negligence on the part of defendant, petitioner is alleged to have suffered bruises and abrasions over the entire body and extremities and severe whiplash injury of the neck for which damages plaintiff itemizes medical, hospital and doctor bills, future medical, hospital and doctor bills, loss of wages, future loss of wages, damage to automobile estimated, and past and future physical pain and suffering, mental anguish and permanent disability totaling a round sum of $25,000.
Defendant’s answer consists of a general denial of all the allegations of plaintiff’s petition and further stated in Article 15 of his answer that he attempted to back his vehicle to avoid the collision but was unable to back far enough because of a wagon being pulled by a mule stopped behind defendant’s car. Despite such fact, the plaintiff continued to back her car with the result that her left front fender and bumper scraped along the right-hand side of defendant’s vehicle as plaintiff attempted to back to the side of the street, and that defendant being unaware of any appreciable damage, pulled to his left and went around the plaintiff’s vehicle and that during such maneuver no contact whatever occurred between the two vehicles, the only contact being that which occurred at the time the car of plaintiff was attempting to back into the “No Parking” zone. Defendant charges acts of negligence against the plaintiff by alleging that: (1) in backing her car and by turning the wheels while backing, causing the left front fend *542 er of her vehicle to scrape the right side of respondent’s car; in backing her vehicle on a heavily traveled street without first making certain that said maneuver could be safely made; in failing to maintain a proper lookout and in failing to see that which she should have seen or in failing to take proper action if she did see the vehicle behind her, and in attempting to park in a prohibited zone on the streets of the City of Hammond.
On these issues that went to trial before a jury, the jury after hearing the evidence both for the plaintiff and defendant found in favor of the defendant and dismissed plaintiff’s suit. We have carefully reviewed this testimony and we have found that the testimony as between the plaintiff and defendant are in hopeless conflict but the physical facts as to the damage and the scratches on the cars would indicate that the defendant is telling the truth and evidently the jury saw fit to accept his version of the way the accident took place.
It is pertinent here to observe that the plaintiff even though itemized the sum of $190.49 for damages when the estimate was finally introduced on the trial it amounted to only around $50, and it is also to be noted that the defendant filing reconvention for the damages to his car in the sum of $19.38. Both of these items would indicate that the accident was of a minor nature, which in itself substantiates the version of the defendant.
After a careful review and study of this record, we cannot say that the jury was in manifest error and when the District Judge approved this verdict by signing a judgment without stating that she disagreed with the judgment we consider that as an approval of the verdict of the jury.
For these and the foregoing reasons, the judgment of the District Court will be affirmed, and plaintiff’s suit will be dismissed.
Affirmed.